```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THOMAS D. BRIEL, TARENCE WILSON,

                Plaintiffs,
                                          MEMORANDUM AND ORDER
          -against-                       19-CV-5769(JS)(GRB)

LPN: MS. RANGOON; DOCTOR ASSIGNED TO
MY CARE "PHYSICANS"; NUHEALTH CARE
AT NASSAU COUNTY JAIL, ET AL.;
DIRECTOR OF MEDICAL CARE AT NASSAU
CO. JAIL ET AL.; NASSAU COUNTY JAILS
UNDER SHERRIFF;
                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff: Thomas D. Briel, 19004207, pro se
               Tarence Wilson, 18006616, pro se
               Nassau County Correctional Center[1]
               100 Carman Avenue
               East Meadow, New York 11554

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On October 15, 2019, incarcerated pro se plaintiff Thomas D. Briel ("Briel" or "Plaintiff") filed another Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983"). However, Plaintiff did not remit the filing fee nor did he file an application to proceed in forma pauperis. Accordingly, by Notice of Deficiency dated October 16, 2019, Plaintiff was instructed to

---

[1] This Memorandum and Order is being mailed to Plaintiffs at their address of record. However, the Court notes that on December 30, 2019, mail sent to Briel at the Nassau County Correctional Center was returned to the Court marked "Return to Sender; Inmate Discharged." (D.E. 13.) To date, Briel has not provided an updated address to the Court.

remit the filing fee or file an application to proceed in forma pauperis along with the required Prisoner Litigation Authorization form ("PLRA"). On October 23, 2019, Plaintiff timely filed an application to proceed in forma pauperis and a completed PLRA. (IFP Mot., D.E. 6; PLRA, D.E. 7.)

On November 15, 2019, Plaintiff filed two Amended Complaints. (See, D.E. 8 & 9.) One of the Amended Complaints (D.E. 9) includes another plaintiff, Tarence Wilson ("Wilson"). However, Wilson did not remit the filing fee nor did he file an application to proceed in forma pauperis. Accordingly, by Notice of Deficiency dated November 21, 2019 (Notice, D.E. 10), Wilson was instructed to, within fourteen (14) days, either remit the filing fee or complete and return the enclosed in forma pauperis application and PLRA. Wilson was warned that his claims would not proceed any further and that the claims may be dismissed for failure to prosecute if he did not timely comply with the Notice. To date, Wilson has not complied with the Notice nor has he otherwise communicated with the Court about this case. Thus, it appears that Wilson has abandoned this case. Accordingly, Wilson's claims as set forth in the Amended Complaint (D.E. 9) are DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE pursuant to Federal Rule of Civil Procedure 41(b).

With regard to Briel, he has already had "three strikes" pursuant to 28 U.S.C. § 1915(g), and does not allege, in the

original Complaint or Amended Complaints, that he is "under imminent danger of serious physical injury." Accordingly, his application to proceed in forma pauperis is DENIED.[2]  **Plaintiff is directed to pay the $400.00 filing fee within fourteen (14) days of the date of this Order, and failure to do so will lead to the dismissal of his claims without prejudice without further notice and judgment shall enter.**  Plaintiff is advised that his payment of the filing fee does not exempt him from the requirements of 28 U.S.C. § 1915A and the Court is required to dismiss a complaint if the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(a) and (b).  Should Plaintiff timely remit the filing fee, the Amended Complaint shall be screened pursuant to 28 U.S.C. § 1915A.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose

---

[2] See Briel v. Nassau Cty. Sheriffs Dep't, et al., 12-CV-2868 (JS)(GRB) (dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)), appeal dismissed by Mandate, USCA 16-545, dated August 1, 2016, "because it lacks an arguable basis in either law or fact"); Briel v. Armor Corr. Health, Inc., et al., 16-CV-0761 (JS)(GRB) (dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)); Briel v. Armor Corr. Health, Inc., et al., 16-CV-1554 (JS)(GRB) (dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)).

of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the Plaintiffs.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: January __9__, 2020
       Central Islip, New York